UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:13-cr-00084-LRH-WGC |
| Plaintiff, | ORDER |
| v. | |
| ERICA LEIGH MORRISON, | |
| Defendant. | |

Defendant Erica Leigh Morrison moves for a compassionate release (ECF No 33) under 18 U.S.C. § 3582(c)(1)(A)(i) based upon her health conditions and her mother's health conditions which allegedly have incapacitated her from providing the sole care of defendant's fifteen and sixteen year old children. The government has filed its opposition (ECF No. 39) and the defendant has filed her reply (ECF No. 40).

The court is sympathetic to the circumstances raised in support of defendant's motion; however, the court will deny the motion without prejudice because defendant has not exhausted the statutorily mandated process for seeking this relief.

18 U.S.C. § 3582(c) states that "the court may not modify term of imprisonment once it has been imposed," except under specified conditions. For a motion brought under § 3582(c)(1)(A)(i), those specified conditions include the exhaustion of administrative remedies or the Bureau of Prison's inaction for thirty days. The exhaustion requirement is expressly required by the statute itself. As the United States Supreme Court explained in *Ross v. Blake*, while "judge-made exhaustion doctrines… remain a minimal to judge-

1

made exceptions, [,]… a statutory exhaustion provision stands on different footing. There Congress sets the rules – and courts have a role in creating exceptions only if Congress wants them to." *Ross v. Blake*, 136 S.Ct. 1850, 1857 (2016). The court is simply not free to carve out an exception to the congressional mandate. Because Morrison failed to exhaust the administrative process before filing her motion, it must be denied for failure to exhaust.

The court is sympathetic to the delay in deciding defendant's motion. This delay is the product of the Covid pandemic which has crippled many routine court actions and caused numerous delays, continuances and resettings. Moreover, the court has had an extremely heavy caseload over the past year. In the event that defendant fully exhausts the claim-processing rule pertinent to § 3582(c)(1)(A)(i) and renews her motion before the court, her renewed motion will be placed on a priority schedule. That is not to suggest that it will be granted but is to suggest that the court will treat it with priority.

GOOD CAUSE APPEARING, defendant's motion (ECF No. 33) is **DENIED without prejudice** for failure to exhaust all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A).

IT IS SO ORDERED.

DATED this 19th day of October, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE