UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERICA LEIGH MORRISON,<br><br>Defendant. | Case No. 3:13-cr-00084-LRH-WGC<br><br>ORDER |

Defendant Erica Leigh Morrison moves for a compassionate release (ECF No. 42), under 18 U.S.C. § 3582(c)(1)(A)(i). The Government filed an opposition (ECF No. 43), and Defendant replied (ECF No. 44). For the reasons contained within this Order, the Court grants Morrison's motion.

**I.    BACKGROUND**

Between June 10 and August 9, 2013, Defendant, Erica Leigh Morrison, committed six bank robberies. At each robbery, Morrison entered the bank and gave the bank teller a robbery demand note which threatened varying degrees of violence, including bombing the bank. Over those two months, Morrison absconded with $18,948 from her bank robberies. Officers ultimately identified Morrison as the culprit and arrested her on August 16, 2013. Morrison pled guilty to count six of the criminal indictment pursuant to a written plea agreement, in which she admitted the conduct of all six robberies. The Court sentenced Morrison to 120-month imprisonment, followed by three years of supervised released, on June 16, 2014. She is serving her sentence at

FCI Dublin, a minimum security prison, located in Dublin, California. Morrison is due to be released in March 2022.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3582(c), "the court may not modify a term of imprisonment once it has been imposed," except under specified conditions. For a motion brought under § 3582(c)(1)(A)(i), those specified conditions include the exhaustion of administrative remedies or the Bureau of Prison's inaction for thirty days. The Court initially denied without prejudice Defendant's motion for compassionate release for failure to exhaust her administrative remedies. ECF No. 41. Morrison now shows that the Warden has not responded within 30 days to her May 18, 2020 petition for compassionate release; accordingly, the Court will decide her motion on the merits.

18 U.S.C. § 3582(c)(1)(A) provides:

> [T]he court, . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses, for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The relevant United States Sentencing Guidelines policy statement provides that the Court may reduce a term of imprisonment if the Court determines that:

> (1)  (A) extraordinary and compelling reasons warrant the reduction; or
>
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

2

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). Extraordinary and compelling reasons include (1) the medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, or (4) any other extraordinary or compelling reason, as determined by the Director of the Bureau of Prisons. *Id.* § 1B1.13 app. n.1.

**III.    DISCUSSION**

The Court finds that extraordinary and compelling reasons exist in this case. After reviewing Morrison's medical record, the Court finds that her asthma and other health concerns are stable and appear under control. The Court is also not persuaded that Morrison's health concerns, coupled with the prison conditions at FCI Dublin support a finding of extraordinary circumstances: currently, the BOP is reporting that no inmates or staff member are positive for the virus, that ten inmates and six staff have recovered from the virus, and that there have been no inmate or staff deaths from the virus.[1] However, the Court is persuaded that extraordinary circumstances exist due to the family considerations in this case. The Court is concerned that if not released, Morrison's children, ages fifteen and sixteen, who both have their own health considerations that need attention and ongoing doctors' appointments, will not be cared for. Their current caregiver, Morrison's 60-year-old mother, has spinal stenosis and degenerative disc disease and is unable to sit or stand for long periods of time. At times, she is no longer able to take the children to their respective medical appointments and is limited in her physical ability to take care of them—it appears that the caregiving relationship has, to some extent, flip-flopped as, today, their grandmother may need the children to help attend to her care. The Court finds that given these considerations, extraordinary and compelling reasons warrant a reduction in Morrison's sentence to time served.

The section 3553(a) factors further support early release. Morrison was convicted of a serious crime—bank robbery—and admitted facts that show she committed six bank robberies and threatened violence against multiple bank tellers, including making multiple bomb threats. However, the record also supports that Morrison has had a traumatic life: her past is ripe with a history of sexual abuse from early childhood on, her own physical and mental abuse by numerous

---

[1] https://www.bop.gov/coronavirus/ (last visited November 19, 2020).

boyfriends, and the physical abuse by others in her life. The record supports that she committed the bank robberies to obtain money for her then abusive boyfriend, who was beating her and threatening to beat and/or kill her if she did not bring home money. At the time of initial sentencing, the Court considered Morrison's life history and ultimately sentenced her in the midrange of the guidelines in the hope that she would get the substance abuse and mental health treatment that she needed. Now, more than seven years from her arrest and detention, the Court is impressed by Morrison's success while incarcerated at Dublin: she has taken educational courses, parenting courses, is participating in counseling for her post traumatic stress disorder and her other mental health conditions, and has had little disciplinary action. Given all of these considerations, the Court finds that a sentence of time served reflects the seriousness of her crimes, promotes respect for the law, provides adequate punishment for her crimes, and adequately deters this conduct. The Court further finds that she is no longer a threat or danger to the public and that she has a positive attitude about her parental obligations and an ability and promise to achieve success, responsibility, and happiness in her life.

**IV.    CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's renewed emergency motion for compassionate release (ECF No. 42) is **GRANTED.**

IT IS FURTHER ORDERED that the Court reduces Morrison's 120-month sentence to **TIME-SERVED**, making Morrison eligible for immediate release.

IT IS FURTHER ORDERED that upon release from imprisonment Morrison shall be on supervised release for a term of three (3) years and shall be subject to the conditions of supervision previously imposed by the sentencing Court.

IT IS FURTHER ORDERED that the Clerk of Court is to enter an amended **JUDGMENT**, providing that all terms and conditions of Morrison's supervised release are to remain the same.

///

///

///

///

IT IS FURTHER ORDERED that Morrison's release be delayed 14 days to ensure a sufficient period of quarantine so that she will not potentially infect her mother and children, and allow the Bureau of Prisons time to complete the statutory requirements prior to her release.

IT IS SO ORDERED.

DATED this 19th day of November, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE